**UNIVERSITY OF ALASKA, Petitioner,**

v.

**Kathleen A. HENDRICKSON, Respondent.**

**No. 2889.**

Supreme Court of Alaska.

July 14, 1976.

---

Henry J. Camarot, Merdes, Schaible, Staley & DeLisio, Inc., Anchorage, for petitioner.

Edward T. Noonan, Law Offices of Charles E. Cole, Fairbanks, for respondent.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, J.

## OPINION

BURKE, Justice.

This case concerns the recoverability of punitive damages in an action against the University of Alaska.

Respondent Kathleen A. Hendrickson filed suit against the University, alleging that she had been attacked in her dormitory room because of the University's negligent failure to provide adequate security for her safety. She asked for both actual and punitive damages in her complaint. The University moved for summary judgment on the issues of liability and punitive damages; the motion was denied on both grounds.[1] The University, thereupon, petitioned for review. On review, we consider only the issue of punitive damages.

Punitive damages cannot be awarded against the University of Alaska. Among the statutory limitations upon suits against the state is AS 09.50.280, providing:

> If judgment is rendered for the plaintiff, it shall be for the legal amount found due from the state with legal interest from the date it became due and *without punitive damages.* (emphasis added)

In *University of Alaska v. National Aircraft Leasing, Ltd.,* 536 P.2d 121, 128, (Alaska 1975), we held that a similar statutory limitation, which required that suits against the state be tried without a jury,[2] applied to suits against the University, since it was "an integral part of the state government and an instrumentality of the state". The same reasoning is applicable here.

REVERSED AND REMANDED.

---

[1]. As to the issue of punitive damages, the superior court apparently based its ruling on the theory that the University, in operating a dormitory, was exercising a proprietary function, and was therefor not protected by AS 09.50.280. In its order denying petitioner's motion for summary judgment, the court said:

> The University has not alleged, and apparently cannot prove, that it was exercising an educational function when it rented a room to Mr. Shelton, the alleged assailant in this case.

Accordingly, Defendant's Motion for Summary Judgment insofar as it relates to punitive damages is also denied.

The distinction between proprietary and governmental functions as a basis for state liability was abolished in *University of Alaska v. National Aircraft Leasing, Ltd.,* 536 P.2d 121, 128 (Alaska 1975).

[2]. This limitation, found in AS 09.50.290, was repealed in 1975 by SLA 1975, ch. 147, § 1.